PARKER DOUGLAS (#8924)
General Counsel and Chief of Staff
THOM D. ROBERTS (#2773)
Assistant Utah Attorney General
SEAN D. REYES (#7969)
Utah Attorney General
Office of the Utah Attorney General
350 North State Street, Suite 230
P. O. Box 142320
Salt Lake City, Utah 84114-2320
Telephone:  (801) 538-9600
Facsimile:   (801) 538-1121
pdouglas@utah.gov
thomroberts@utah.gov

*Counsel for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| DIGITAL RECOGNITION NETWORK, INC.; VIGILANT SOLUTIONS, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GARY HERBERT, in his official capacity as Governor the State of Utah; SEAN D. REYES, in his official capacity as Attorney General of the State of Utah, <br><br> Defendants. | **MOTION AND MEMORANDUM TO DISMISS BASED ON MOOTNESS** <br><br><br> Case No. 2:14-cv-00099-CW <br><br> Judge Clark Waddoups |

Pursuant to DUCivR 7-1(a) and Fed. R. Civ. P. 12(b)(1), Defendants by their undersigned counsel move the Court for an Order dismissing the above action because the action is moot, and therefore the Court lacks jurisdiction over the matter.

Plaintiffs brought the action challenging the Utah Automatic License Plate Reader System Act, Utah Code § 41-6a-2001 *et seq.*, on the basis that it prohibited these private Plaintiffs from using Automated License Plate Readers (ALPR) to gather information concerning license plates and locations and from providing such information to other private entities.  The Utah Legislature in its 2014 session passed and the Governor signed S.B. 222 amending the challenged statutory provisions such that they no longer apply to private entities such as the Plaintiffs.  As a result, there is no longer a justiciable claim between the parties, the action is moot, the Court lacks jurisdiction, and the Court consequently should dismiss on the grounds set forth below.

## ARGUMENT

Article III of the United States Constitution predicates federal court jurisdiction on the existence of a live case or controversy.  U.S. Const. art. III, § 2. "To pursue a case in federal Court, a plaintiff must satisfy the twin requirements of standing and mootness.  *Winsness v. Yocum*, 433 F.3d 727, 731 (10th Cir. 2006).  Without a live, concrete controversy, we lack jurisdiction to consider claims no matter how meritorious." *Mink v. Suthers*, 482 F.3d 1244, 1253 (10th Cir. 2007).  Those requirements are jurisdictional.

"The constitutional mootness doctrine is grounded in Article III's requirement that federal Court only decide 'actual, ongoing cases or controversies'. . . .  The central question in determining whether a case has become moot is whether 'the issues presented are no longer "live" or the parties lack a legally cognizable interest in the out come." *Phelps v. Hamilton*, 122 F.3d 1309, 1325-26 (10th Cir. 1997) (citations omitted).  "[A] federal Court has no power to give

opinions upon moot questions or declare principles of law which cannot affect the matter in issue in the case before it, a controversy must exist during all stages of . . . review." *Chihuanhuan Grasslands Alliance v. Kempthorne*, 545 F.3d 884, 891 (10th Cir. 2008).

Standing and justiciability are normally determined at the initial filing of the complaint. However, they must continue in existence throughout the entire proceeding. When standing or justiciability change based on circumstances that arise after the filing of the complaint they are ordinarily analyzed under the mootness standard. As stated in *Jordan v Sosa*, 654 F.3d, 1012, 1023 (10th Cir. 2011):

> 'The mootness doctrine provides that although there may be an actual and justiciable controversy at the time the litigation is commenced, once that controversy ceases to exist, the federal Court must dismiss the action for want of jurisdiction.' 15 James W. Moore & Martin H Redish, *Moore's Federal Practice* 101.90, at 101-237(3d ed.2010) (italicization omitted); *see United States v. Juvenile Male*,---- U.S. ----. 131 S.Ct. 2860, 2864, 189 L.Ed.2d 811 (2011) *(*per curiam) ("It is a basic principle of Article III that a justiciable case or controversy must remain 'extant at all stages of review, not merely at the time the complaint is filed.' " (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n. 22, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997)). In other words, '[m]ootness is found when events outside the litigation make relief impossible... Events may supersede the occasion for relief, particularly when the requested relief is limited.' 13C Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure 3533.3.1, at 56, 59-60 (3d ed.2008) (footnotes omitted).

In sum, "[a] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000), quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979). "The crucial question is whether 'granting a present determination of the issues offered . . . will have some effect in the

real world.'" *Citizens for Responsible Gov't State Political Action Comm. v. Davidson*, 236 F.3d 1174, 1182 (10th Cir.2000), *quoting Kennecott Utah Copper Corp. v. Becker*, 186 F.3d 1261, 1266 (10th Cir.1999).

Here, Plaintiffs filed their suit challenging the Utah Automatic License Plate Reader System Act, Utah Code §§ 41-6a-2001 *et seq*. They alleged the Act violated the First and Fourteenth Amendments of the United States Constitution "by preventing them from exercising their First Amendment freedoms to disseminate and collect license plate date captured by the ALPR system." Complaint, ¶¶ 48-50. Plaintiff's claims were predicated on Section 41-6a-2003, which limited "a person or governmental entity" from using the ALPR system, and Section 41-6a-2004, which restricted the disclosure, use, and sharing of the captured plate date by "a person or governmental entity". Complaint, ¶¶ 34-39. As a "person" under the statute, Plaintiffs claimed that their rights were violated by the restrictions of the statute.

In the 2014 Legislative Session, the Utah Legislature passed and the Governor signed S.B. 222, Automatic License Plate Reader System Amendments (copy attached). That Bill deleted the provisions of the Bill as it applied to "a person", making it only applicable as against governmental entities.[1] Since the Utah law now no longer applies to or restricts Plaintiffs in their use of ALPR, and only restricts the actions of governmental entities, there is no longer a controversy between the parties, nor a justiciable claim, as the case is moot. Consequently, there is no longer a remedy available to benefit the Plaintiffs: they sought that the challenged statutory

---

[1]The only exception is Section 41-6a-205 (1), which requires both "a person" and "a governmental entity" to preserve captured plate data for 14 days. However, Plaintiffs do not challenge or question this requirement.

provisions not be applied to them, but by the legislative change, those statutory provision now no longer apply to them.

## CONCLUSION

After the filing of the litigation, the Utah Legislature amended the statutes challenged by Plaintiffs and the current statutory scheme does not prevent Plaintiffs from engaging in the activities in which their Complaint states they desire to engage. Consequently, there is no longer a live case or controversy and the matter is moot. The Court should therefore dismiss the case on the basis that it lacks jurisdiction over the matter.

DATED this 22d day of April, 2014.

SEAN D. REYES
Utah Attorney General

 /s/Parker Douglas
PARKER DOUGLAS
General Counsel and Chief of Staff
Office of the Utah Attorney General

## CERTIFICATE OF SERVICE

This is to certify that copies of the foregoing **MOTION AND MEMORANDUM TO DISMISS BASED ON MOOTNESS** was served by electronically filing the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of:

J. Ryan Mitchell
Wesley D. Felix
MITCHELL BARLOW & MANSFIELD, P.C.
Boston Building
Nine Exchange Place, Suite 600
Salt Lake City, UT  84111
rmitchell@mbmlawyers.com
wfelix@mbmlawyers.com

/s/Sherri L. Cornell